**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRI-STATE DELIVERY, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, <br><br> Defendant. | Civil Action No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Tri-State Delivery, Inc., individually and on behalf of all others similarly situated, alleges as follows, on personal knowledge and investigation of its counsel against Defendant the City of Philadelphia ("City of Philadelphia" or "Defendant"):

## INTRODUCTION

1.      This is a proposed class action brought on behalf of a class who have received violation notices issued by the City of Philadelphia Department of Licenses & Inspections ("L& I") demanding $300 for each alleged violation of Philadelphia Code Section 10-723.2 (an ordinance prohibiting the distribution of handbills to homeowners who have notified L & I they do not wish to receive handbills). See Attachments A, B, C, and D, Four Exemplars of L & I Violation Notices issued to Plaintiff between January 5, 2024 and February 6, 2024, each of which is for a single violation of **"10-723.2(2)(d) Non-Delivery List"** at a specified address on a specified date, with each notice stating: **"STATUTORY FINE AMOUNT $300.00"**.

2.      As outlined in greater detail herein, the governing legislative body which created and authorized Section 10-723.2(2)(d) expressly set the maximum fine for a violation of this ordinance at only $100 per violation, not $300 per violation as demanded by L & I. See Section 10-718(1)(a) of the Philadelphia Code, entitled **"Enforcement"**, which sets the maximum legally

authorized penalty for a violation of Section 10-723.2 at $100.

3.      Despite this, L & I has pursued, and is still currently pursuing, an unlawful municipal policy of demanding that all persons and entities cited for violations of Philadelphia Code Section 10-723.2(2)(d) must pay purported fines and/or civil penalties of $300 per violation; **three times** the maximum legal fine and/or civil penalty for a Section 10-723.2(2)(d) violation as set by the governing legislative body.

4.      As part of that same unlawful municipal policy, L & I also causes to be sent to Plaintiff and the proposed class multiple follow-up **"Requests for Payment"** for alleged violations of Section 10-723.2(2)(d), each of which demands payment of $300 per alleged violation and which also expressly threatens to refuse renewal of the distributor's legally-mandated license to distribute handbills in Philadelphia if that full $300 payment is not made to L & I . See e.g. Attachment E, Exemplar Demand for Payment sent to Plaintiff dated March 27, 2024 for L & I Case File: CF-2022-116653, which demanded a $300 payment to Philadelphia L & I for a single violation of Section 10-723.2 and which further stated:   **"To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of $300.00 in Full"**.

5.      Because the plain language of Section 10-718(1)(a) of the Philadelphia Code sets the maximum legally authorized penalty for any violation of Sections 10-723 or 10-723.2 at $100, this municipal policy employed by L & I is unlawful and unconstitutional for the reasons set forth at length herein.

6.      This action seeks a class-wide order of injunctive and monetary relief to end this unlawful municipal policy and monetary refunds of the amounts unlawfully collected from Plaintiff and the class under that policy.

7.      Specifically, Plaintiff and the proposed class bring claims under claims under 42 U.S.C. §1983, as well as Pennsylvania state claims for disgorgement/unjust enrichment, conversion and claims in general equity.

## FEDERAL JURISDICTION AND VENUE

8.      Federal subject matter jurisdiction exists over this complaint under 28 U.S.C.S. § 1331 in that Plaintiff and the proposed class raise federal claims under 42 U.S.C. § 1983.

9.      Federal subject matter jurisdiction also exists over this matter under the Class Action Fairness Action ("C AFA"), 28 U.S.C.S. § 1332 (d)(2), in that it is a proposed class action, Plaintiff and Defendant are citizens of different states, there are at least 100 class members and, upon information and belief, the total amount in controversy exceeds $5 million.

10.     Venue is proper in the Eastern District of Pennsylvania in that the actions alleged herein which give rise to the claims pleaded occurred in Philadelphia, Pennsylvania, and Defendant City of Philadelphia is a municipality organized under the laws of the Commonwealth of Pennsylvania and is located within the Eastern District of Pennsylvania.

## THE PARTIES

11.     While this action challenges actions taken by the Philadelphia Department of Licenses & Inspections, such intra-city departments and agencies do not exist as separate corporate or legal entities. See e.g. Agresta v. City of Philadelphia, 694 F.Supp. 117, 119 (E.D. Pa. 1988); Baldi v. City of Philadelphia, 609 F.Supp. 162, 168 (E.D. Pa. 1985). As such, Plaintiff and the proposed class bring their claims against Defendant City of Philadelphia, a municipality organized under the laws of the Commonwealth of Pennsylvania, of which L & I is a part.

12.     Plaintiff Tri-State Delivery, Inc. is a New Jersey corporation with its primary place of business located at 1 Shingle Oak Drive, Voorhees, New Jersey 08043 and is a holder of a Commercial Handbill License issued by the City of Philadelphia.

### FACTS GIVING RISE TO THE CLASS CLAIMS

13.     Plaintiff is a company specializing in delivery of advertising materials and community newspapers. As part of its business, Plaintiff regularly distributes handbills to homes in, inter alia, Philadelphia, Pennsylvania.

14.     Section 10-723 of the Philadelphia Code, which is entitled **"Distribution of Commercial and Non-Commercial Handbills on Sidewalks, Streets, and Private Property"** is a municipal ordinance which requires those who distribute handbills at homes located in the City of Philadelphia to obtain a **"Commercial Handbill Distributor's License"** from L & I and also establishes an L & I registry of homeowners who have indicated they do not wish to receive handbills.

15.     Plaintiff has registered with L & I under this ordinance and is currently licensed under Section 10-723.

16.     Along with certain other ordinances which regulate the distribution of handbills in Philadelphia, Section 10-723 authorized L&I to establish a list of Philadelphia homeowners who have registered with L & I requesting that no handbills be distributed to their homes.

17.     Section 10-723.2(2)(d) of the Philadelphia Code prohibits holders of a **"Commercial Handbill Distributor's License"** from allowing **"any commercial or non-commercial handbill to be placed on private properties where the owner has notified the Department of Licenses and Inspections that they do not wish to receive such material or which are conspicuously posted against receiving such handbills…"**.

18.     Section 10-718(1)(a) of the Philadelphia Code, which is entitled **"Enforcement"**, sets the maximum legally authorized penalty for a violation of Section 10-723.2 at $100, stating:

> **"1)  For the purposes of enforcing the provisions of this Chapter, notice of violation under Section 1-112 shall be issued by police officers, authorized inspectors within the Department or the Department of Licenses and Inspections, authorized third-party administrators, or any other person authorized to enforce ordinances; provided that…**
>
> **(a)  <u>For violations of</u> Section 10-711 (Handbills on Vehicles), <u>Section 10-723 (Handbills on Sidewalks, Streets and Private Property</u>), Section 10-723.1 (Removing Handbills), or <u>Section 10-723.2 (Distribution of Handbills): one hundred dollars ($100)</u>"** (emphasis added)

19.     Despite the foregoing, the Philadelphia Department of Licenses & Inspections, has pursued, and continues to pursue, a municipal policy of issuing written notices of violation to Plaintiff and the proposed class which purport to impose a fine/civil penalty of $300 per violation of Section 10-723.2(2)(d); an amount which is <u>three times</u> the maximum $100 penalty set by the governing legislative body which enacted Section 10-723.2(2)(d). <u>See</u> Attachments A, B, C, and D, Four Exemplar L & I Violation Notices issued to Plaintiff between January 5, 2024 and February 6, 2024, each of which is for a single alleged violation of **"10-723.2(2)(d) Non-Delivery List"** at a specified address on a specified date, with each notice stating: **"STATUTORY FINE AMOUNT $300.00"**.

20.     As part of that same municipal policy, L & I has caused, and continues to cause, to be sent to Plaintiff and the proposed class, multiple follow-up **"Requests for Payment"** for alleged violations of Section 10-723.2, each of which demanded payment of $300 per alleged violation and which expressly threaten to refuse renewal of the recipient's legally-mandated license to distribute handbills in Philadelphia if that $300 payment was not made. <u>See</u> <u>e.g.</u> Attachment E, Exemplar Demand for Payment sent to Plaintiff dated March 27, 2024 for L & I

Case File: CF-2022-116653, which demanded a $300 payment to Philadelphia L & I for a single violation of Section 10-723.2 and which further stated:  **"To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of $300.00 in Full"**.

21.     Because of these written threats of license non-renewal, Plaintiff and the class have no choice but to pay the demanded $300 per violation since that demand is reinforced  by the threat of adverse governmental action which would greatly harm their business and livelihood by depriving them of the necessary license to distribute handbills . See Attachment F, Exemplar of Proof of Payment of $300 paid by Plaintiff to L &I dated March 24, 2024 for a single Section 10-723.2(2)(d) violation at 3319 Tilden Street.

22.     The municipal policy by L & I described herein is unlawful and unconstitutional.

23.     The governing body empowered to pass municipal ordinances in Philadelphia has created the ordinance of which Section 10-723.2 is a part and has already set the maximum fine and/or civil penalty for a violation of Section 10-723.2 at only $100, not $300.

24.     L & I has no legal authority to usurp the legal authority of the governing legislative body and to unilaterally triple the maximum $100 fine set by Section 10-718(1)(a), or to demand that alleged violators pay a fine which is three times the amount per violation set by ordinance.

25.     Nor does L & I have legal authority to reinforce its demand for an unlawful $300 fine per violation of Section 10-723.2 with written threats that the distributor will lose their license to distribute handbills in Philadelphia unless the demanded $300 per violation is paid in full to L & I.

26.     Despite this, that is exactly what L & I has been doing and is continuing to do as a matter of uniform policy.

27.     The actions of Defendant vis-à-vis Plaintiff as described herein were not isolated instances, accidents or clerical mistakes. Rather, they are part of a knowing, intentional and ongoing municipal policy by Defendant to use the threat of license cancelation and/or license non-renewal to induce Plaintiff and the class to pay three times the maximum legally authorized fine/penalty for a violation of Section 10-723.2.

28.     The existence of this municipal policy is evidenced, inter alia, by the following facts of which Plaintiff has personal knowledge:

a) On multiple dates during the class period, Defendant sent Plaintiff 69 separate notices for alleged violations of Section 10-723.2.(2)(d), each of those 69 notices demanding payment of $300 per violation; see e.g. Attachments A, B, C, and D, Exemplar L & I Violation Notices issued to Plaintiff between January 5, 2024 and February 6, 2024, each of which states on its face that it is for a single violation of **"10-723.2(2)(d) Non-Delivery List"** at a specified address on a specified date and each of which states **"STATUTORY FINE AMOUNT $300.00"**;

b) On multiple dates during the class period, Defendant caused be sent to Plaintiff follow-up written **"Requests for Payment"** for alleged violations of Section 10-723.2, each of which demanded payment of $300 per alleged violation and which expressly threatened to refuse renewal of Plaintiff's legally-mandated license to distribute promotional material in Philadelphia if that $300 payment was not made. See e.g. Attachment E, Demand for Payment sent to Plaintiff dated March 27, 2024 for L & I Case File: CF-2022-116653, which demanded a $300 payment to Philadelphia L & I for a single violation of Section 10-723.2 and which further stated:   **"To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of <u>$300.00 in Full</u>"** (emphasis added);

c) Plaintiff participated in multiple hearings before the Licensing & Inspection Review Board relating to Section 10-723.2 violation notices, including a hearing conducted via ZOOM on Thursday, March 14, 2024, during which the City Solicitor stipulated before the Board and expressly admitted that the maximum legal penalty authorized for a violation of Section 10-723.2 was only $100, not $300; and

d) Despite the foregoing, Plaintiff has continued to receive both violation notices issued by L & I, as well as written requests for payment sent on behalf of L & I, which demand $300 per violation of Section 10-723.2.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a class action pursuant to Fed.R.Civ.P. 23, on behalf

of a class defined as:

> **All persons or entities who during the relevant statute of limitations period received a violation notice issued by the Philadelphia Department of Licenses and Inspections alleging a violation of "CODE SECTION 10-723.2(2)(d)" and which stated "STATUTORY FINE AMOUNT $300.00"**

30.     The class for whose benefit this action is brought is so numerous that joinder of

all members is impracticable.

31.     The exact number and identities of the persons who fit within the proposed class

are contained in Defendant's records and can be easily ascertained from those records and exceed

100 persons or entities.

32.     The claims in this action arise exclusively from a uniform policy as alleged herein

and from L & I form violation notices, the relevant portions of which are identically worded.

33.     No violations alleged are a result of any oral communications or individualized

interaction between any class member and Defendant.

34.     There are common questions of law and fact affecting the rights of the class

members, including, <u>inter alia</u>, the following:

    a.  Whether L & I employs a uniform policy of issuing form violation notices seeking to impose a **"STATUTORY FINE AMOUNT $300.00"** for each alleged violation of Philadelphia Code Section 10-723.2(2)(d);

    b.  Whether L & I pursues a policy of causing written form requests for payment to be sent to alleged violators of Philadelphia Code Section 10-723.2(2)(d) which state:  **"To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of $300.00 in Full"**;

    c.  Whether Section 10-718(1)(a) limits the maximum lawful fine for a violation of Philadelphia Code Section 10-723.2(2)(d) to $100 per violation;

d.   Whether it is unlawful for L& I to seek to collect $300 per violation of Philadelphia Code Section 10-723.2(2)(d);

e.   Whether the uniform policy alleged herein violates 42 U.S.C. § 1983;

f.   Whether the uniform policy and common course of conduct alleged herein constitutes unjust enrichment and/or requires Defendant to disgorge itself of amounts collected for violations of Philadelphia Code Section 10-723.2(2)(d) which exceed the $100 penalty per violation authorized by Section 10-718(1)(a);

g.   Whether the uniform policy and common course of conduct alleged herein constitutes conversion;

h.   Whether Plaintiff and the class are entitled to an order for injunctive relief baring Defendant from seeking to impose or collect a fine greater than $100 per violation of Philadelphia Code Section 10-723.2(2)(d).

35.   Plaintiff is a member of the class it seeks to represent in that during the class period Plaintiff has received numerous violation notices from L & I seeking to impose a $300 fine per violation for alleged violations of Philadelphia Code Section 10-723.2(2)(d); Plaintiff has paid to L & I a $300 fine for a violation of Philadelphia Code Section 10-723.2(2)(d) on multiple occasions; Plaintiff continues to receive violation notices from L&I which purport to impose a $300 fine/penalty per violation of Philadelphia Code Section 10-723.2(2)(d); and Plaintiff continues to receive written requests for payment sent on behalf of L&I which demand that Plaintiff pay $300 per violation of Philadelphia Code Section 10-723.2(2)(d) to L & I and which state: **"To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of $300.00 in Full"**.

36.   The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from the same uniform policy and common course of conduct, the same uniform language in form documents, and the same legislative authority as all other class members, and Plaintiff's claims are based on the same legal theories as all class members.

37.   Plaintiff has no interest antagonistic to, or in conflict with, the class.

38.     Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent itself and the class.

39.     Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

40.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

41.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $200 per violation and individual actions to recoup such an amount are not economically feasible.

42.     Common questions will predominate, and there will be no unusual manageability issues.

### COUNT ONE

### 42 U.S.C. § 1983

43.     Plaintiff and the proposed class incorporate all prior allegations of this complaint as if set forth herein in full.

44.     Defendant is a municipality and person within the meaning of § 1983 who at all times relevant hereto was acting under color of state law in performing all actions described herein, including its dealings with Plaintiff and the class.

45.     By the acts alleged herein, Plaintiff and the class have been deprived of the rights, privileges and immunities secured by the Constitution of the United States, including the Eighth Amendment to the United States Constitution, by persons acting under color of state law.

46.     The Eighth Amendment provides that **"[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."** U.S. CONST. AMEND VIII.

47.     The so-called Excessive Fines Clause of the Eighth Amendment **"limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'"** United States v. Bajakajian, 524 U.S. 321, 328 (1998).

48.     The Eighth Amendment is applicable to both states and municipalities through the Fourteenth Amendment. Timbs v. Indiana, --- U.S. --- 139 S. Ct. 682, 687, 203 L. Ed. 2d 11 (2019).

49.     Allegations that a municipality imposes excessive or unlawful civil penalties and fines may serve as the basis for a valid claim under 42 U.S.C. § 1983. See Silverwood Aviation v. City of Hesperia, No. ED CV 20-00185-AB (SPx), 2021 U.S. Dist. LEXIS 200544, at *12-13 (C.D. Cal. July 27, 2021) (upholding 42 U.S.C. 1983 claim against a municipality based on allegations of Eighth Amendment violation for imposing excessive civil penalties and fines).

50.     As alleged previously in greater detail herein, Defendant pursues a uniform municipal policy of imposing a civil penalty and/or fine of $300 per alleged violation of Section 10-723.2 of the Philadelphia Code, even though the governing legal authority provides that the maximum fine and/or civil penalty that may be imposed for a violation of Section 10-723.2 is limited by law to only $100 per violation. See Philadelphia Code Section 10-718(1)(a), which plainly states under the subject heading **"Enforcement"** that:

> **"1)  For the purposes of enforcing the provisions of this Chapter, notice of violation under Section 1-112 shall be issued by police officers, authorized inspectors within the Department or the Department of Licenses and Inspections, authorized third-party administrators, or any other person authorized to enforce ordinances; provided that…:**

(a) ***For violations of*** **Section 10-711 (Handbills on Vehicles), Section 10-723 (Handbills on Sidewalks, Streets and Private Property), Section 10-723.1 (Removing Handbills), or *Section 10-723.2 (Distribution of Handbills): one hundred dollars ($100)*" (emphasis added)**

51.     Despite this clear legal authority limiting the maximum fine or penalty for violation of Section 10-723.2 to $100, Defendant's uniform municipal policy is to send a violation notice to each person or entity charged with a violation of Section 10-723.2 which demands that the recipient pay $300; three times the maximum allowable fine authorized by law for such a violation. See Attachments A, B, C, and D, Four Exemplars of L & I Violation Notices issued to Plaintiff between January 5, 2024 and February 6, 2024, each of which is for a single violation of **"10-723.2(2)(d) Non-Delivery List"** at a specified address on a specified date, with each notice stating:  **"STATUTORY FINE AMOUNT $300.00"**.

52.     If payment is not made by the recipient, Defendant then causes additional collection notices to be sent to Plaintiff and the class, demanding payment of the $300 penalty/fine for each alleged violation of Section 10-723.2, with additional language being included on such notices threatening license suspension if the entire $300 is not paid to the Philadelphia Department of License & Inspection. See Attachment E, Exemplar Collection Notice sent to Plaintiff for a single violation of Section 10-723.2 dated March 27, 2024 which states:  **"To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of *$300.00 in Full.*"** (emphasis added).

53.     As a matter of law – and basic math – imposing a fine and/or civil penalty of $300 for a municipal ordinance offense which carries a maximum legal penalty of only $100 is the very definition of an "excessive fine" since it is three times the legal maximum which the authorizing ordinance/regulation/statute allows.

54.    In addition, a fine may be unconstitutionally excessive if the amount **"is grossly disproportionate to the gravity of the"** offense. United States v. Bajakajian, 524 U.S. 321, 336-337 (1998).

55.    To determine whether a fine or civil penalty is grossly disproportional to the underlying offense, four factors are considered:  (1) the nature and extent of the underlying offense; (2) whether the underlying offense is related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense. See Pimentel v. City of Los Angeles, 974 F.3d 917, 921 (9th Cir. 2020).

56.    These factors apply in both the criminal context and also to civil penalties and fines imposed by municipalities. See Pimental v. City of Los Angeles, 974 F.3d 917, 922 (9th Cir. 2020).

57.    Application of these factors also compels a conclusion that Defendant's policy of imposing a $300 fine and/or civil penalty for violations of Section 10-723.2 is excessive and in violation of the Eighth Amendment because it is grossly disproportional to the offense.

58.    Section 10-723.2 is an anti-littering municipal ordinance. The governing legislative body has already determined through its enactment of Section 10-718(1)(a) that the maximum allowable fine per violation of 58. Section 10-723.2(d) should be no more than $100.

59.    The Department of Licensing & Inspection has no power to overturn the determination by the governing legislative body and/or to unilaterally amend the ordinance to treble the legal limit set on such fines and/or penalties.

60.    The underlying "offense" defined by Section 10-723.2, which prohibits distributing handbills to homeowners who have notified L&I that they do not wish to receive handbills,  is not related to any other illegal activities.

13

61.     Under the plain language of Section 10-723.2 and Section 10-718(1)(a), no other fines or penalties other than the maximum $100 fine may be imposed for a violation of Section 10-723.2.

62.     The "harm" caused by the offense – having promotional material left at one's home – is minimal. That conclusion which is illustrated by the fact that the governing legislative body has already determined that lawful maximum civil penalty for any such limited harm shall be no more than $100. L&I lacks any legal authority to unilaterally usurp the power of that legislative body and/or to unilaterally raise the maximum fine and/or penalty set by ordinance for a violation of Section 10-723.2.

63.     Defendant's municipal policy was undertaken with deliberate indifference to the constitutional rights of Plaintiff and the class.

64.     Based on the foregoing, Plaintiff and the class have a plausible claim that they are victims of an ongoing municipal policy employed by Defendant which has deprived, and is currently depriving, Plaintiff and the class of the rights, privileges and immunities secured by the Constitution of the United States, including the Eighth Amendment to the United States Constitution; with such policy being implemented by persons acting under color of state law in violation of 47 U.S.C. 1983.

65.     As a result, Plaintiff and the class have suffered damages, including being forced to pay three times the maximum $100 fine authorized by law for a violation of Section 10-723.2 on multiple occasions during the class period. See Attachment F, Exemplar of Proof of Payment of $300 by Plaintiff to L & I dated March 24, 2024 for a single Section 10-723.2(2)(d) violation at 3319 Tilden Street.

## COUNT TWO

### UNJUST ENRICHMENT/DISGORGEMENT

66.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

67.     By the acts alleged herein, Defendant sought and received a benefit from Plaintiff and the class in the form of $300 "fines" imposed and collected by L & I for an ordinance violation when the maximum authorized fine was only $100 per violation.

68.     The retention of that benefit by Defendant would be unjust because the amounts were collected in a manner that violated state and federal law, as outlined herein.

69.     By the facts alleged herein, equity demands that Defendant disgorge itself of this benefit and that the benefit be returned to Plaintiff and the class.

## COUNT THREE

### GENERAL EQUITY

70.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

71.     Based on the conduct and facts alleged herein, Plaintiff and the class are entitled under general equitable principles to a class-wide order for injunctive and declaratory relief barring Defendant from seeking to impose a fine or civil penalty greater than $100 per violation of Philadelphia Code Section 10-723.2(2)(d) and declaring the municipal policy described herein of seeking to collect $300 per violation to be unlawful.

72.     Plaintiff has standing to seek such relief in that the conduct complained of is ongoing, Plaintiff is in the business of distributing advertising to homes and thus will be subject to the conduct alleged herein in the future.

73.     Moreover, L & I has currently issued a number of violation notices to Plaintiff, each seeking a $300 fine per violation of Philadelphia Code Section 10-723.2(2)(d) which Plaintiff has refused to pay due to the illegal nature of that L & I demand.

74.     L & I is also currently engaged in collection action against Plaintiff, including having collection notices issued which threaten Plaintiff with a refusal to renew its handbill distribution license if L & I's demands for payment of $300 per violation are not met.

## COUNT FOUR

### CONVERSION

75.     Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

76.     Plaintiff and the class had an ownership of property as described herein.

77.     By the acts alleged herein, Defendant has converted that property by wrongful acts which were inconsistent with the property rights of Plaintiff and the class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to:

a.     Certify the proposed class as a class action pursuant to Fed.R.Civ. P 23;

b.     Enter an order for injunctive and declaratory relief as described herein;

c.     Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d.     Award Plaintiff reasonable attorneys' fees and costs;

e.     Award Plaintiffs and the class actual damages; and

f.     Grant such other and further legal and equitable relief as the court deems just and equitable.

## **JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that the Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  May 16, 2024      By: _____

DeNITTIS OSEFCHEN PRINCE, P.C.
Stephen P. DeNittis, Esq. (SD-0016)
Shane T. Prince, Esq.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Telephone: (215) 564-1721
Facsimile: (215) 564-1759
Email: sdenittis@denittislaw.com
Email: sprince@denittislaw.com

*Attorneys for Plaintiff and the Proposed Class*

# Attachment A



**Department of Licenses and Inspections**
City of Philadelphia

# Site Violation Notice

**L&I File Number:** CF-2024-001428

| RESPONSIBLE PARTY | | DISTRICT OFFICE |
|---|---|---|
| TRI-STATE DELIVERY INC |  | Vending Unit |
| 1 SHINGLE OAK DR | SVN | SUITE 502 |
| VOORHEES, New Jersey 08043 | | 2401 Walnut St |
| | | Philadelphia, PA 19103 |
| **DATE OF NOTICE** | | 215-686-2414 |
| 01/05/2024 | | Vending@phila.gov |

On December 15, 2023 the Department of Licenses and Inspections inspected the location listed below and found the following condition or activity which violate The Philadelphia Code and which could not be corrected immediately on site:

| CODE SECTION | CONDITION IN VIOLATION |
|---|---|
| 10-723.2(2)(d) | Non-Delivery List |

**PHILA. CODE LANGUAGE**

No Distributor, Distribution business or other shall place any commercial or non-commercial handbill on private properties where the owner has notified the Department of Lic. & Insps. that they do not wish to receive such material or which are conspicuously posted against receiving such handbills.

**LOCATION VIOLATION OBSERVED**

Vending Standard

| SPECIFIC LOCATION | SPECIFIC VIOLATION LOCATION |
|---|---|
| 5811 ALTER ST | 5811 ALTER ST |

| STATUTORY FINE AMOUNT | INSPECTOR |
|---|---|
| $300.00 | SHELDON WILSON |

NEXT STEP OPTIONS:

There are three possible responses to this notice. Additional details are included on the following pages.

Within 30 days of the date of this notice:

1. If you disagree with the violation, you can file an appeal (see Appeal section below);
2. You can waive your appeal rights, admit to the violation, and pay the reduced fine (see Offer of Settlement and Payment Information below); **OR**

After 30 days from the date of this notice:

3. Pay the full statutory fine. A Statement of Outstanding Fees will be issued by the city for the full statutory fine amount listed above.

If none of these actions are undertaken, the City may take further action as allowed by law.
If the violation is not corrected, additional citations may be issued.

 **Department of Licenses and Inspections**
City of Philadelphia

# Site Violation Notice

**L&I File Number:**  CF-2024-001428

ATTENTION: This is an important notice! For information in your language, call 215-686-8686
ATENCIÓN: ¡Este es un aviso importante! Para recibir información en su idioma, llame al 215-686-8686
注意：这是重要通知！如果您需要以您的语言获得此信息，请致电 215-686-8686
CHÚ Ý: Đây là thông báo quan trọng! Nếu bạn cần thư này bằng ngôn ngữ khác, vui lòng gọi 215-686-8686
주의: 중요 통지입니다! 이 서신을 귀하의 언어로 받고 싶으시면 215-686-8686번으로 전화하시기 바랍니다
توجہ فرمائیں: یہ ایک ضروری اطلاع نامہ ہے! ترجمے کی خدمات کے لیے 8686-686-215 پر کال کریں
ATTENTION : Cet avis est important ! Si vous avez besoin de cet avis dans une autre langue, appelez le 215-686-8686

 **YOU HAVE A RIGHT TO APPEAL. YOUR APPEAL MUST BE FILED BY NO LATER THAN FEBRUARY 4, 2024.**

IF YOU DO NOT TIMELY FILE AN APPEAL THEN YOU WAIVE YOUR RIGHT TO LATER CHALLENGE ANY PART OF THIS NOTICE. This includes arguments regarding whether the violations existed, whether you are the proper responsible party, where you were able to correct the violations in the time allotted, whether the City can impose fines, fees, or costs against you, and whether any abatement action by the City was warranted.

For more information on filing an appeal, visit the Appeals section of the Department of Licenses and Inspections website at www.phila.gov/li or the Boards Administration Unit at 215-686-2419. For additional information you may dial 311 within city limits or dial 215-686-8686 from outside the City.

IF YOU HAVE ANY LEGAL QUESTIONS YOU SHOULD CONSULT WITH AN ATTORNEY. If you do not have an attorney, you can contact the Philadelphia Bar Association Referral and Information Line at 215-238-6333 to have an attorney referred to you. You can also find a list of legal aid service providers at http://palegalaid.net/legal-aid-providers-in-pa.

 **OFFER OF SETTLEMENT**

In lieu of the statutory fine above being imposed you may within 30 days instead pay a reduced fine of $150.00, waive your appeal rights, waive appearance before a judge, and admit to the violation. Acceptance of this offer includes admitting to the violation, which may impact your future legal rights. To accept this offer you must provide the Department with the signed admission and waiver form along with the reduced fine payment as indicated below.

**PAYMENT INFORMATION**

For more information on payment methods, please visit the 'Pay an L&I violation fee or fine' page of the city website (https://www.phila.gov/services/permits-violations-licenses/pay-a-fine-or-ticket/pay-an-li-violation-fee-or-fine).

# Attachment B



**Department of Licenses and Inspections**
City of Philadelphia

# Site Violation Notice

**L&I File Number:**   CF-2024-001422

RESPONSIBLE PARTY

TRI-STATE DELIVERY  INC

1 SHINGLE OAK DR
VOORHEES, New Jersey 08043



SVN

DISTRICT OFFICE

Vending Unit
SUITE 502
2401 Walnut St
Philadelphia, PA 19103
215-686-2414
Vending@phila.gov

DATE OF NOTICE

01/05/2024

On November 16, 2023 the Department of Licenses and Inspections inspected the location listed below and found the following condition or activity which violate The Philadelphia Code and which could not be corrected immediately on site:

CODE SECTION        CONDITION IN VIOLATION

10-723.2(2)        Non-Delivery List
(c)

PHILA. CODE LANGUAGE

No Distributor, Distribution business or other shall place any commercial or non-commercial handbill on private properties where the owner has notified the Department of Lic. & Insps. that they do not wish to receive such material or which are conspicuously posted against receiving such handbills.

LOCATION VIOLATION OBSERVED

Vending Standard

| SPECIFIC LOCATION | SPECIFIC VIOLATION LOCATION |
|---|---|
| 3319 TILDEN ST | 3319 TILDEN ST |
| **STATUTORY FINE AMOUNT** | **INSPECTOR** |
| $300.00 | SHELDON WILSON |

RECEIVED

FEB 14 2024

L & I Review Board
Department of Licenses & Inspections

NEXT STEP OPTIONS:

There are three possible responses to this notice. Additional details are included on the following pages.

Within 30 days of the date of this notice:

1. If you disagree with the violation, you can file an appeal (see Appeal section below);
2. You can waive your appeal rights, admit to the violation, and pay the reduced fine (see Offer of Settlement and Payment Information below); OR

After 30 days from the date of this notice:

3. Pay the full statutory fine. A Statement of Outstanding Fees will be issued by the city for the full statutory fine amount listed above.

If none of these actions are undertaken, the City may take further action as allowed by law.
If the violation is not corrected, additional citations may be issued.



**Department of Licenses and Inspections**
**City of Philadelphia**

# Site Violation Notice

**L&I File Number:**   CF-2024-001422

ATTENTION: This is an important notice! For information in your language, call 215-686-8686
ATENCIÓN: ¡Este es un aviso Importante! Para recibir información en su idioma, llame al 215-686-8686
注意: 这是重要通知! 如果您需要以您的语言获得此信息, 请致电 215-686-8686
CHÚ Ý: Đây là thông báo quan trọng! Nếu bạn cần thư này bằng ngôn ngữ khác, vui lòng gọi 215-686-8686
주의: 중요 통지입니다! 이 서신을 귀하의 언어로 받고 싶으시면 215-686-8686번으로 전화하시기 바랍니다
توجہ فرمائیں: یہ ایک ضروری اطلاع نامہ ہے! ترجمے کے لیے 8686-686-215 پر کال کریں
ATTENTION : Cet avis est important ! Si vous avez besoin de cet avis dans une autre langue, appelez le 215-686-8686

   **YOU HAVE A RIGHT TO APPEAL. YOUR APPEAL MUST BE FILED BY NO LATER THAN FEBRUARY 4, 2024.**

IF YOU DO NOT TIMELY FILE AN APPEAL THEN YOU WAIVE YOUR RIGHT TO LATER CHALLENGE ANY PART OF THIS NOTICE. This includes arguments regarding whether the violations existed, whether you are the proper responsible party, where you were able to correct the violations in the time allotted, whether the City can impose fines, fees, or costs against you, and whether any abatement action by the City was warranted.

For more information on filing an appeal, visit the Appeals section of the Department of Licenses and Inspections website at www.phila.gov/li or the Boards Administration Unit at 215-686-2419. For additional information you may dial 311 within city limits or dial 215-686-8686 from outside the City.

IF YOU HAVE ANY LEGAL QUESTIONS YOU SHOULD CONSULT WITH AN ATTORNEY. If you do not have an attorney, you can contact the Philadelphia Bar Association Referral and Information Line at 215-238-6333 to have an attorney referred to you. You can also find a list of legal aid service providers at http://palegalaid.net/legal-aid-providers-in-pa.

   **OFFER OF SETTLEMENT**

In lieu of the statutory fine above being imposed you may within 30 days instead pay a reduced fine of $150.00, waive your appeal rights, waive appearance before a judge, and admit to the violation. Acceptance of this offer includes admitting to the violation, which may impact your future legal rights. To accept this offer you must provide the Department with the signed admission and waiver form along with the reduced fine payment as indicated below.

**PAYMENT INFORMATION**

For more information on payment methods, please visit the 'Pay an L&I violation fee or fine' page of the city website (https://www.phila.gov/services/permits-violations-licenses/pay-a-fine-or-ticket/pay-an-l-violation-fee-or-fine).



# Attachment C



**Department of Licenses and Inspections**
City of Philadelphia

# Site Violation Notice

**L&I File Number:**   CF-2024-001429

**RESPONSIBLE PARTY**

TRI-STATE DELIVERY  INC

1 SHINGLE OAK DR

VOORHEES, New Jersey 08043

SVN

**DISTRICT OFFICE**

Vending Unit
SUITE 502
2401 Walnut St
Philadelphia, PA 19103
215-686-2414
Vending@phila.gov

**DATE OF NOTICE**

01/05/2024

On December 21, 2023 the Department of Licenses and Inspections inspected the location listed below and found the following condition or activity which violate The Philadelphia Code and which could not be corrected immediately on site:

**CODE SECTION**   **CONDITION IN VIOLATION**

10-723.2(2)   Non-Delivery List
(d)

**PHILA. CODE LANGUAGE**

No Distributor, Distribution business or other shall place any commercial or non-commercial handbill on private properties where the owner has notified the Department of Lic. & Insps. that they do not wish to receive such material or which are conspicuously posted against receiving such handbills.

**LOCATION VIOLATION OBSERVED**

Vending Standard

**SPECIFIC LOCATION**               **SPECIFIC VIOLATION LOCATION**

4006 PECHIN ST                     4006 PECHIN ST



**STATUTORY FINE AMOUNT**          **INSPECTOR**

$300.00                            SHELDON WILSON

NEXT STEP OPTIONS:

There are three possible responses to this notice. Additional details are included on the following pages.

<u>Within 30 days</u> of the date of this notice:

1. If you disagree with the violation, you can file an appeal (see Appeal section below);
2. You can waive your appeal rights, admit to the violation, and pay the reduced fine (see Offer of Settlement and Payment Information below); **OR**

<u>After 30 days</u> from the date of this notice:

3. Pay the full statutory fine. A Statement of Outstanding Fees will be issued by the city for the full statutory fine amount listed above.

If none of these actions are undertaken, the City may take further action as allowed by law.
If the violation is not corrected, additional citations may be issued.



**Department of Licenses and Inspections**
City of Philadelphia

# Site Violation Notice

**L&I File Number:**   CF-2024-001429

ATTENTION: This is an important notice! For information in your language, call 215-686-8686
ATENCIÓN: ¡Este es un aviso Importante! Para recibir información en su idioma, llame al 215-686-8686
注意: 这是重要通知! 如果您需要以您的语言获得此信息，请致电 215-686-8686
CHÚ Ý: Đây là thông báo quan trọng! Nếu bạn cần thư này bằng ngôn ngữ khác, vui lòng gọi 215-686-8686
주의: 중요 통지입니다! 이 서신을 귀하의 언어로 받고 싶으시면 215-686-8686번으로 전화하시기 바랍니다
توجہ فرمائیں: یہ ایک ضروری اطلاع نامہ ہے! ترجمے کی خدمات کے لیے 215-686-8686 پر کال کریں
ATTENTION : Cet avis est important ! Si vous avez besoin de cet avis dans une autre langue, appelez le 215-686-8686

 **YOU HAVE A RIGHT TO APPEAL. YOUR APPEAL MUST BE FILED BY NO LATER THAN FEBRUARY 4, 2024.**

IF YOU DO NOT TIMELY FILE AN APPEAL THEN YOU WAIVE YOUR RIGHT TO LATER CHALLENGE ANY PART OF THIS NOTICE. This includes arguments regarding whether the violations existed, whether you are the proper responsible party, where you were able to correct the violations in the time allotted, whether the City can impose fines, fees, or costs against you, and whether any abatement action by the City was warranted.

For more information on filing an appeal, visit the Appeals section of the Department of Licenses and Inspections website at www.phila.gov/li or the Boards Administration Unit at 215-686-2419. For additional information you may dial 311 within city limits or dial 215-686-8686 from outside the City.

IF YOU HAVE ANY LEGAL QUESTIONS YOU SHOULD CONSULT WITH AN ATTORNEY. If you do not have an attorney, you can contact the Philadelphia Bar Association Referral and Information Line at 215-238-6333 to have an attorney referred to you. You can also find a list of legal aid service providers at http://palegalaid.net/legal-aid-providers-in-pa.

 **OFFER OF SETTLEMENT**

In lieu of the statutory fine above being imposed you may within 30 days instead pay a reduced fine of $150.00, waive your appeal rights, waive appearance before a judge, and admit to the violation. Acceptance of this offer includes admitting to the violation, which may impact your future legal rights. To accept this offer you must provide the Department with the signed admission and waiver form along with the reduced fine payment as indicated below.

**PAYMENT INFORMATION**

For more information on payment methods, please visit the 'Pay an L&I violation fee or fine' page of the city website (https://www.phila.gov/services/permits-violations-licenses/pay-a-fine-or-ticket/pay-an-li-violation-fee-or-fine).

# Attachment D



**Department of Licenses and Inspections**
City of Philadelphia

# Site Violation Notice

**L&I File Number:**   CF-2024-009330

RESPONSIBLE PARTY

TRI-STATE DELIVERY INC

1 SHINGLE OAK DR
VOORHEES, New Jersey 08043



SVN

DISTRICT OFFICE

Vending Unit
SUITE 502
2401 Walnut St
Philadelphia, PA 19103
215-686-2414
Vending@phila.gov

DATE OF NOTICE

02/06/2024

On December 27, 2023 the Department of Licenses and Inspections inspected the location listed below and found the following condition or activity which violate The Philadelphia Code and which could not be corrected immediately on site

CODE SECTION        CONDITION IN VIOLATION

10-723.2(2)        Non-Delivery List
(d)

PHILA CODE LANGUAGE

No Distributor, Distribution business or other shall place any commercial or non-commercial handbill on private properties where the owner has notified the Department of Lic. & Insps. that they do not wish to receive such material or which are conspicuously posted against receiving such handbills

LOCATION VIOLATION OBSERVED

Vending Standard

SPECIFIC LOCATION                    SPECIFIC VIOLATION LOCATION

1611 WOLF ST                         1611 WOLF ST

STATUTORY FINE AMOUNT                INSPECTOR

$300.00                              SHELDON WILSON

NEXT STEP OPTIONS

There are three possible responses to this notice. Additional details are included on the following pages

Within 30 days of the date of this notice

1. If you disagree with the violation, you can file an appeal (see Appeal section below)
2. You can waive your appeal rights, admit to the violation, and pay the reduced fine (see Offer of Settlement and Payment Information below) **OR**

After 30 days from the date of this notice

3. Pay the full statutory fine. A Statement of Outstanding Fees will be issued by the city for the full statutory fine amount listed above.

If none of these actions are undertaken, the City may take further action as allowed by law
If the violation is not corrected, additional citations may be issued



RECEIVED

L&I Review Board
Department of Licenses and Inspections



**Department of Licenses and Inspections**
**City of Philadelphia**

# Site Violation Notice

**L&I File Number:**   CF-2024-009330

ATTENTION: This is an important notice! For information in your language, call 215-686-8686
ATENCIÓN: ¡Este es un aviso importante! Para recibir información en su idioma, llame al 215-686-8686
注意: 这是重要通知! 如果您需要以您的语言获得此信息, 请致电 215-686-8686
CHÚ Ý: Đây là thông báo quan trọng! Nếu bạn cần thư này bằng ngôn ngữ khác, vui lòng gọi 215-686-8686
주의: 중요 통지입니다! 이 서신을 귀하의 언어로 받고 싶으시면 215-686-8686번으로 전화하시기 바랍니다
توجہ فرمائیں: یہ ایک ضروری اطلاع نامہ ہے! ترجمے کی خدمات کے لیے 215-686-8686 پر کال کریں
ATTENTION: Cet avis est important ! Si vous avez besoin de cet avis dans une autre langue, appelez le 215-686-8686



**YOU HAVE A RIGHT TO APPEAL. YOUR APPEAL MUST BE FILED BY NO LATER THAN MARCH 7, 2024.**

IF YOU DO NOT TIMELY FILE AN APPEAL THEN YOU WAIVE YOUR RIGHT TO LATER CHALLENGE ANY PART OF THIS NOTICE. This includes arguments regarding whether the violations existed, whether you are the proper responsible party, whether you were able to correct the violations in the time allotted, whether the City can impose fines, fees, or costs against you, and whether any abatement action by the City was warranted.

For more information on filing an appeal, visit the Appeals section of the Department of Licenses and Inspections website at www.phila.gov/li or the Boards Administration Unit at 215-686-2419. For additional information you may dial 311 within city limits or dial 215-686-8686 from outside the City.

IF YOU HAVE ANY LEGAL QUESTIONS YOU SHOULD CONSULT WITH AN ATTORNEY. If you do not have an attorney, you can contact the Philadelphia Bar Association Referral and Information Line at 215-238-6333 to have an attorney referred to you. You can also find a list of legal aid service providers at http://palegalaid.net/legal-aid-providers-in-pa



**OFFER OF SETTLEMENT**

In lieu of the statutory fine above being imposed you may within 30 days instead pay a reduced fine of $150.00, waive your appeal rights, waive appearance before a judge, and admit to the violation. Acceptance of this offer includes admitting to the violation, which may impact your future legal rights. To accept this offer you must provide the Department with the signed admission and waiver form along with the reduced fine payment as indicated below.

**PAYMENT INFORMATION**

For more information on payment methods, please visit the 'Pay an L&I violation fee or fine' page of the city website (https://www.phila.gov/services/permits-violations-licenses/pay-a-fine-or-ticket/pay-an-li-violation-fee-or-fine)



# Attachment E



**REVENUE COLLECTION BUREAU, INC.**

*Rewarding Partnerships*

03/27/2024

TRI-STATE DELIVERY  INC
1 SHINGLE OAK DR
VOORHEES, NJ 08043



**REQUEST FOR PAYMENT**

**RE: City of Philadelphia / License & Inspection**

RCB Reference #:   0001156053 - 959599
L&I Case File:      CF-2022-116653
Total Due:          **$300.00**

Dear TRI-STATE DELIVERY  INC ,

Please be advised that your account is currently assigned to our office for collection by the City of Philadelphia, Department of License & Inspection under RCB Case Number 0001156053. A detailed listing of the violation(s) can be found on the reverse side of this notice for your review.

To avoid denial of obtaining and/or renewal of a permit and/or license you must pay the Total Amount of $300.00 in Full.  You must make this payment directly to the Department of License & Inspection by going to their web site "Eclipse.phila.gov". Please go to the bottom of the page under "Search Eclipse" and then go to "Click here to Pay L&I Violation Fees and Fines". If you are registered to use the Eclipse system you may also login under your account to make payment.  If you choose to pay with check or money order, payment must be made out to the "City of Philadelphia" referencing the L&I Case File Number listed above, and mailed to the following address:

Licenses & Inspections, Fiscal Unit
City of Philadelphia
1401 John F. Kennedy Blvd., Room 1130
Philadelphia, PA  19102

Once payment is made, please forward a copy of your payment confirmation by email to "info@rcbtax.com" or by fax at (215) 288-2255, please reference your RCB Reference Number.  Please be advised that any returned payment(s) may result in additional fees and the revocation of any active license issued by The City of Philadelphia.

Should you dispute the validity of this debt or any portion thereof, you must advise us in writing within thirty (30) days of your receipt of this letter.  If you fail to do so we will assume the debt to be valid.  In the event that you notify our office within the thirty (30) days of receipt of this letter, that the debt, or any portion of the debt is disputed, we will mail you a verification of the debt, or if applicable, obtain a copy of the judgment.  We will also provide you with the original creditor's name and address should it be different from the current creditor.

Please reach out if you wish to discuss this matter or need further clarification.  You may reach one of our representatives by calling (215) 288-6800 and speaking with James Jagiello at extension 316 or Jamaine Reynolds at extension 312 between the hours of 8:30am through 5:00pm EST, Monday through Friday.

Sincerely,
Revenue Collection Bureau
Compliance Division

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**
**NO CASH PAYMENTS ACCEPTED**

5900-08 Torresdale Ave, Philadelphia, PA 19135 | PH: 215-288-6800 | FAX: 215-288-2255 | revenuecollections.com

# Attachment F

 **Payment Center**
CITY OF PHILADELPHIA

Powered by
ACI PAYMENTS, INC

☒ Back to Philadelphia, City of - License and Inspections   ☒ Make A Payment   ☐ Payment Verification   ☐ Help

ᴴ En Español

# Make A Payment

 **Philadelphia, City of - License and Inspections, PA**

**eCLIPSE Application**

## Your payment information has been submitted successfully to ACI Payments, Inc.

| | |
|---|---|
| **Confirmation Number:** | **V1GWQWWQA** |
| **Payment Date:** | **Wednesday, March 20, 2024** |
| **Payment Time:** | **01:01PM ET** |

Print Confirmation

• Please print or write down your payment confirmation number for your records.
• Successful completion of the payment transaction is conditioned upon accurate and complete information being entered by you and is subject to financial institution and biller acceptance, approval and authorization of the payment.
• Electronic check payments may take up to seven business days to be returned by your Financial Institution if incorrect information is entered when a payment is submitted.
• Do not use your browser's "Back" button. Instead, navigate using the buttons below.

**Payer Information**

When paying a Business TAX using an Electronic check, please enter the Authorized User of the Bank Account

| | |
|---|---|
| Name: | Sean Donnelly |
| Street Address: | 130 Twinbridge Drive |
| | Pennsauken, NJ 08110 |
| | United States |
| Daytime Phone Number: | (856) 663 - 2642 |
| E-mail Address: | Sean@donnellydistribution.com |
| Account Number: | 704433540 |
| SourceCodeFundIndex: | 01263601 |

**Check Information**

| | |
|---|---|
| Account Type: | Business Checking Account |
| Routing Number: | ****02247 |
| Account Number: | **33283 |

**Payment Information**

| | |
|---|---|
| Payment Type: | eCLIPSE Application |
| Payment Amount: | $300.00 |

Continue ►

This page supports 128-bit SSL encryption as verified by DigiCert.

PRIVACY POLICY   |   Complaints   |   Legal Notices   |   Pay By Phone   |   Tax Professionals   |   Working With ACI Payments, Inc.   |   ACI Pay Terms & Conditions   |   Sitemap

Copyright © 2024 ACI Payments, Inc. All Rights Reserved.
ACI Payments, Inc. is licensed as a money transmitter by the New York State Department of Financial Services, the Georgia Department of Banking and Finance, and by all other states and territories, where required. NMLS #936777. 6060 Coventry Dr, Elkhorn NE 68022. 1-800-487-4567

 



City of Philadelphia | Mayor's Office | City Council | Courts | District Attorney | Sheriff

**Case File** CF-2024-001422 (Closed)

**PAYMENT SUCCESSFUL**

*Payment was successful.*

**Case Number:**     CF-2024-001422

Screen ID: 3220190

Copyright © 2011-2024 Computronix